UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT KERR,<br><br>       Plaintiff<br><br>       v.<br><br>UNITED STATES DEPARTMENT OF STATE, *et al.*,<br><br>       Defendants | Civil Action No. 17-755 (CKK) |

**MEMORANDUM OPINION**
(March 30, 2018)

Plaintiff Robert Kerr is a former Foreign Service Officer. Through this lawsuit, Plaintiff seeks judicial review of a decision issued by the Foreign Service Grievance Board ("FSGB"). Presently before the Court is Defendants' [22] Motion to Dismiss Plaintiff's Complaint as untimely. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court GRANTS Defendants' Motion and DISMISSES this case.

**I. BACKGROUND**

Plaintiff Robert Kerr alleges that he was subjected to workplace bullying while stationed as a Public Affairs Officer at the American Embassy in Copenhagen, Denmark. *See* Compl., ECF No. 1, at 5. He further alleges that "[a]s a result, examples of questionable/poor performance were used against [him] that would never be evaluated as such under an objective peer review, denying [him] an opportunity for fair review for promotion, thus resulting in [his]

---

[1] The Court's consideration has focused on the following documents:
- Defs.' Mot. to Dismiss, ECF No. 22 ("Defs.' Mot.");
- Pl.'s Mot. to Suppress Defs.' Mot. to Dismiss, ECF No. 24 ("Pl.'s Opp'n"); and
- Defs.' Reply in Support of Mot. to Dismiss, ECF No. 25 ("Defs.' Reply").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

1

facing mandatory retirement." *Id.* Moreover, Plaintiff alleges that the "appeal and grievance processes available to [him] by the Department of State made no effort to objectively evaluate the performance examples used against [him], but instead simply ratified the process, making it impossible for [him] to achieve either appeal or grievance relief." *Id.*

Plaintiff has filed this lawsuit seeking judicial review under 22 U.S.C. § 4140 of the FSGB's decision denying his grievance appeal. *Id.* at 3. Plaintiff filed his Complaint by mailing it to the Court from Denmark. *Id.* at 12. The Complaint was postmarked March 28, 2017. *Id.* It was received by the Clerk of the Court on April 10, 2017, and filed on April 25, 2017. *Id.* at 1.

Defendants then moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for failure to comply with the 180 day filing deadline set forth in Section 4140(a). *See generally* Defs.' Mot. That motion has been fully briefed and is ripe for resolution.[2]

## II. LEGAL STANDARDS

### A. Subject Matter Jurisdiction under Rule 12(b)(1)

A court must dismiss a case pursuant to Federal Rule 12(b)(1) when it lacks subject matter jurisdiction. In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant

---

[2] Plaintiff styled his opposition to Defendants' Motion to Dismiss as a "Motion to Suppress" Defendants' Motion. For the same reasons that the Court will grant Defendants' Motion to Dismiss, it will deny Plaintiff's "Motion to Suppress."

motion to dismiss for lack of jurisdiction."). "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted).

**B. Failure to State a Claim under Rule 12(b)(6)**

Pursuant to Federal Rule 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

Plaintiff's Complaint was not filed before the statutory filing deadline set forth in 22 U.S.C. § 4140, and it will therefore be dismissed. Section 4140(a) states that:

> Any aggrieved party may obtain judicial review of a final action of the Secretary or the Board on any grievance in the district courts of the United States in accordance with the standards set forth in chapter 7 of Title 5, if the request for judicial review is filed not later than 180 days after the final action of the Secretary or the Board (or in the case of an aggrieved party who is posted abroad at the time of the final action of the Secretary or the Board, if the request for judicial review is filed not later than 180 days after the aggrieved party's return to the United States). Section 706 of Title 5 shall apply without limitation or exception. This subsection shall not apply to any grievance with respect to which subsection (b) of this section applies.

22 U.S.C. § 4140(a).

It is undisputed that Plaintiff was posted abroad at the time of the final action in this case, and that he returned home on September 25, 2016. *See* Pl.'s Opp'n at 3 (Plaintiff "acknowledges that he entered the United States on September 25, 2016"); Decl. of Jane Farrington, ECF No. 22-2, Ex. B (Plaintiff's flight itinerary for his return trip to Washington D.C. on September 25, 2016). Accordingly, Section 4140(a) plainly required Plaintiff to file his request for judicial review not later than March 24, 2017 (180 days after September 25, 2016).[3] The statute makes clear that judicial review is not available if this deadline is not met.[4]

---

[3] Plaintiff argues in his opposition that his return to the United States was "entirely flexible," Pl.'s Opp'n at 2, and that he could have chosen to return on a later date, thereby extending the deadline for his filing. This is irrelevant. The deadline set by Section 4140(a) begins to run on the *actual* date that the plaintiff returns to the United States.

[4] Plaintiff's *pro se* status does not excuse him from complying with statutes of limitation. "It is clear beyond cavil that 'litigants who proceed without counsel are not excused from following procedural rules' such as the statute of limitations." *Untalasco v. Lockheed Martin Corp.*, 249 F. Supp. 3d 318, 324 (D.D.C. 2017) (quoting *Oladokun v. Corr. Treatment Facility*, 309 F.R.D. 94, 98 (D.D.C. 2015)).

Plaintiff did not file his Complaint by March 24, 2017. "[F]or purposes of the statute of limitations, the filing date is the date that the complaint is tendered to the clerk, regardless of whether or not the clerk accepts the filing." *Innovatit Seafood Sys., LLC v. Comm'r For Patents*, 240 F.R.D. 23, 25-26 (D.D.C. 2007) (citing cases); *see also* Fed. R. Civ. P. 5(d)(2) ("A paper is filed by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk."). Plaintiff chose to submit his Complaint to the Court by international mail from Denmark. *See* Compl. at 12. The Complaint was not postmarked until March 28, 2017. *Id.* More importantly, it was not received by the Clerk of the Court until April 10, 2017. *Id.* at 1. It therefore did not comply with the filing deadline set by Section 4140(a).[5]

Because the statute is clear that judicial review is not available to those that fail to file their request for such review within the 180 day period, the Court's analysis can stop here. Courts have recognized that Section 4140's filing deadline is jurisdictional and therefore not

---

[5] This conclusion is not altered by the fact that Plaintiff e-mailed a four sentence message to the United States District Court for the District of Columbia that read:

> I need to register my request to file for judicial review. I believe the deadline for my request would be today. My name is Robert Kerr, and this regards an unfair performance review by the Department of State. Please register this request as having been received on March 24, 2017, and please advise.

*See* Compl. at 10. The Court does not understand Plaintiff to be arguing that this submission satisfied his obligation to file a timely claim under Section 4140(a). However, even if Plaintiff had made this argument, the Court would reject it. Plaintiff's e-mail does not constitute a request for judicial review because it does not satisfy the most basic requirements of the federal pleading standards. *See Latson v. Sessions*, 256 F. Supp. 3d 36, 42 (D.D.C. 2017) (holding that *pro se* plaintiff had not satisfied statute of limitations by filing civil cover sheet that did not, by itself, satisfy notice pleading standards). Plaintiff appears to acknowledge as much. *See* Pl.'s Opp'n at 6 ("Surely Defendants are not claiming that [Plaintiff] should have filed his case in his email to the help desk.").

subject to equitable tolling. *See Egan v. Natsios*, No. CIV.A. 01-2414 (JGP), 2003 WL 24289778, at *3 (D.D.C. Aug. 7, 2003), *aff'd sub nom. Egan v. U.S. Agency for Int'l Dev.*, 381 F.3d 1 (D.C. Cir. 2004) (holding that the filing requirement under section 4140(a) is jurisdictional and therefore not subject to equitable tolling); *Kelly v. United States*, 34 F. Supp. 2d 8, 12 n.2 (D.D.C. 1998) (referring to the 180 day deadline as a "jurisdictional requirement"). However, even assuming that this statutory period *was* subject to equitable tolling, Plaintiff has not established any grounds for such relief. "[A]s a general matter, 'a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Mizell v. SunTrust Bank*, 26 F. Supp. 3d 80, 87 (D.D.C. 2014) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

Neither element is present here. Plaintiff may have only missed the filing deadline by a relatively short period, but his failure was not the result of any extraordinary external circumstances that stood in his way. The Court rejects Plaintiff's efforts to blame his failure on delays caused by "the manner by which U.S. mail flows through the U.S. Postal system and the Court's screening and intake procedures." Pl.'s Opp'n at 3. Such "delays" are merely the routine consequences of Plaintiff's chosen filing method: international mail. In reality, Plaintiff's failure to ensure that the Court received his Complaint on time was solely the result of Plaintiff not pursuing his rights diligently. It was Plaintiff's responsibility to ensure that his pleading was received in a timely manner. Plaintiff appears to have been fully aware of the filing deadline and simply missed it because he waited until the last day of the statutory filing period to attempt to begin the process of submitting his papers from abroad. The Court accepts Plaintiff's explanation that he waited until the last minute because the decision to file a lawsuit

was an emotional one. But if the Court were to ignore Section 4140(a)'s filing deadline under the commonplace circumstances of this case, it would effectively render that deadline a nullity. The Court refuses to do so.[6]

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss and DISMISSES this case. An appropriate Order accompanies this Memorandum Opinion.

    /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[6] Plaintiff complains that Defendants did not address the merits of his claims in their Motion to Dismiss, and argues that by failing to do so, Defendants have "concede[d]" the merits of those claims. Pl.'s Opp'n at 2-3. This is incorrect. Defendants were not required to address the merits of Plaintiff's claims in a motion to dismiss for failure to comply with a statutory filing deadline. Because the Court has decided to dismiss Plaintiff's claims as untimely, it too does not address the substance of Plaintiff's claims. By doing so, the Court makes no comment on the merits of those claims.